## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JORGE ARAUZ, and ALL OTHERS SIMILARLY SITUATED,** | § § § | |
| **Plaintiffs,** | § § § | |
| **VS.** | § § | **CIVIL ACTION NO** _____ |
| **FLORIDA MARINE, LLC, DUANE CHAISSON, and TREY CARNEGIE,** | § § § | **JURY** |
| **Defendants.** | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTION

1.      This is a Civil Action by Plaintiff Jorge Arauz ("***Plaintiff***"), both individually and on behalf of all other similarly situated employees, to recover damages arising from Defendants Florida Marine, LLC, (hereafter sometimes referred to as "***FM LLC,***"), Duane Chaisson, and Trey Carnegie for their violation of federal laws that prohibit discrimination on the basis of race (Hispanic), national origin (Panamanian), and/or disability and retaliation for engaging in protected activity.  Plaintiff additionally brings this action to recover damages for retaliation for engaging in activity protected by state law, namely the Texas Workers' Compensation Act. In addition, Arauz brings this action, on behalf of himself and others similarly situated, for violations of the Fair Labor Standards Act ("FLSA"), including claims for unpaid overtime pay.

### PARTIES

2.      **Jorge Arauz**, Plaintiff, is a resident of Harris County, Texas. Plaintiff was an employed as a shore tankerman in Defendant Florida Marine's Houston Group.

3.       Defendant **Florida Marine** is a national inland marine company that ships a variety of cargoes and operates in multiple regions in the United States including the Port of Houston and several other Texas ports.  It may be served at its  business headquarters is at 2360 5th Street, Mandeville, LA 70471.

4.       **Duane Chiasson,** Defendant, is an individual who served as the Assistant Manager of Tankerman Services for Defendant Florida Marine and Plaintiff's supervisor. Mr. Chiasson may be served with summons and complaint at his regular place of business 2360 5th Street, Mandeville, LA 70471. 2360 5th Street, Mandeville, LA 70471.

5.       **Trey Carnegie,** Defendant, is an individual who served as the Manager of Tankerman Services for Defendant Florida Marine and Plaintiff's supervisor. Mr. Carnegie may be served with summons and complaint at his regular place of business 2360 5th Street, Mandeville, LA 70471. 2360 5th Street, Mandeville, LA 70471.

## JURISDICTION AND VENUE

7.       **Personal Jurisdiction**.  The Court has personal jurisdiction over the Defendants because Defendants conduct business in Texas, and in particular, in the Southern District of Texas, sufficient to constitute minimum contacts with the state and this district. Further, the specific acts complained of took place, in whole or in part, in Texas.

8.       **Subject Matter Jurisdiction**.  This Court can exercise subject matter jurisdiction under 42 U.S.C. §12117, 42 U.S.C.§2000e, and 28 U.S.C. §1331. Specifically, Plaintiff's claims against the Defendants for violating the laws prohibiting discrimination and retaliation arise under 42 U.S.C. §2000e *et seq*. and 42 U.S.C. §12111 *et seq.*  Furthermore, Plaintiff's claims for violation of the Fair Labor Standards Act ("FLSA") arise under 29 U.S.C. §201 *et seq.*  Thus, the claims at issue present federal questions.

2

All conditions precedent for filing this matter have already occurred. Specifically, Plaintiff has already exhausted his administrative remedies for his Title VII claims. Arauz filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 29, 2023.

The EEOC issued a Right to Sue Letter to Mr. Arauz on or about June 10, 2024.

9.      **Venue**.  Venue is appropriate in this district and division pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred within this district and division.

## ALLEGATIONS OF EMPLOYMENT RELATIONSHIP

11.      For purposes of this action, the "relevant period" or "class period" is the time-period commencing on the date that is three years prior to the filing of this action and continuing thereafter until time of trial and judgment.

12.      During the relevant period, each Defendant was an "employer" under 29 U.S.C. § 203(d), which the U.S. Supreme Court has referred to as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 CONG. REC. 7657).

13.      Defendants employed Plaintiff Arauz from April 1, 2015, until he was involuntarily terminated from his employment on  or about September 19, 2023. Throughout his employment with Defendant FM, LLC's Houston Group Mr. Arauz held the position of a shore tankerman.

14.      Defendants Chiasson and Carnegie controlled Plaintiff Arauz's  terms and conditions of employment, including decisions relating to payment of some but not all wages due (i.e., non- payment of overtime wages), Plaintiff's hourly rate of pay, and the number of

hours Mr. Arauz worked during each workweek.

15.     Defendant Chiasson had regular contact with Plaintiff Arauz, including contact relating to work supervision, payment of wages, and scheduling of work hours.

16.     Defendant Chiasson and Carnegie also engaged in the control and operation of Defendant FM, LLC's Houston Group.

17.     During the relevant period, each of the Defendants were a "joint employer". *See, Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190 (5th Cir. 1983); *Hodgson v. Griffin & Brand of McAllen, Inc.,* 471 F.2d 235 (5th Cir. 1973), *cert. denied*, 414 U.S. 819 (1973); *Mednick v. Albert Enterprises, Inc*., 508 F.2d 297 (5th Cir. 1975). **"**An "employer" is defined under Section 3(d) of the FLSA as including "any person acting directly in the interest of an employer in relation to an employee." This term has been interpreted to encompass one or more joint employers, *Falk v. Brennan*, 414 U.S. 190, 94 S. Ct. 427, 38 L. Ed. 2d 406 (1973); *Hodgson v. Griffin and Brand of McAllen, Inc*., 471 F.2d 235 (5th Cir.), *cert. denied*, 414 U.S. 819, 94 S. Ct. 43, 38 L. Ed. 2d 51 (1973); *Wirtz v. Lone Star Steel Co*., 405 F.2d 668 (5th Cir.1968). 29 C.F.R. § 791.2 (1982). Whether a party is an employer or joint employer for purposes of the FLSA is essentially a question of fact; accordingly, appellate review is subject to the clearly erroneous standard.**"** *Donovan v. Sabine Irrigation Co.*, 695 F.2d at 194.

18.     At all material times, Plaintiff and members of the Plaintiff Class have been "employees" within the meaning of 29 U.S.C. § 203(e).

19.     During the relevant period, Defendants were an integrated enterprise. Because the Defendants collectively acted, directly or indirectly, in the interest of the employer with respect to each employee in the Plaintiff Class, the Defendants collectively were the employer of members

of the Plaintiff Class, which included the Plaintiff. Each Defendant's activities relevant to their

status as an integrated enterprise are detailed above.

## "ENTERPRISE" AND "INDIVIDUAL" COVERAGE ALLEGATIONS

20.     The Defendants were subject to the requirements of the FLSA because both

"enterprise" and "individual" based coverage existed during the relevant period.

21.     Individual coverage exists because in dispensing his duties for the Defendants as a

gas station and convenience store clerk (i.e., selling gasoline and other items to customers and

businesses' employees who were either travelling between states or who had travelled to or from

other states), Plaintiff Ali was engaged in interstate commerce. 29 U.S.C. § 207(a)(2)(C).

22.     Defendants are an enterprise under 29 U.S.C. § 203(s)(1)(A). Defendants have (or

had) employees engaged in commerce or in the production of goods for commerce, and/or

employees handling, selling, or otherwise working on goods or materials that have been moved in

or produced for commerce.

23.     In the course of owning, controlling and operating gasoline stations and

convenience stores, Defendants' employees regularly utilized the instrumentalities of interstate

commerce (i.e., mail, telephone, credit cards, banks, etc.), and regularly handled materials that

have been moved across state lines (i.e., gasoline, food items, alcohol, cleaning supplies, mops,

brooms, computers, towels, soap, cleaning chemicals, etc.). Defendants are thus "engaged in

commerce" and have worked on "goods or materials that have been moved in … commerce". *See,*

*Reyes v. Rite-Way Janitorial Serv.*, No. H-15-0847, 2016 U.S. Dist. LEXIS 18172 (S.D. Tex. Feb.

16, 2016), quoting *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010).

24.     Additionally, during each of the past three years prior to the filing of this action,

and continuing thereafter, the enterprise of Defendants' business had at least $500,000 in "annual gross volume of sales made, or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

25.     Defendants are part of an enterprise under 29 U.S.C. § 203(r)(1). Defendants are collectively engaged in related activities that are performed under the common control of Defendant FM, LLC for a common business purpose, irrespective of the fact that such related activities are (or were) performed by one or more legal entity.

26.     Defendants are a joint employer for purposes of this collective action. 29 C.F.R. §791.2(b). In particular, as employers the Defendants are not completely disassociated with respect to the employment of members of the Plaintiff Class (which includes the Plaintiff) and are thus deemed to share control of these employees, directly or indirectly, by reason of the fact that the business where Plaintiff and the Plaintiff Class worked are (or were) under common control. 29 C.F.R. §791.2(b)(3).

27.     The Defendants own, control and operate (or owned, controlled and operated) the business where Plaintiff and the Plaintiff Class worked.

28.     As owners and managers of these businesses, Defendants possessed the authority to set wage and overtime policies for all of his businesses.

29.     The wage and overtime policies that Defendants devised and implemented for their business violated the overtime pay provisions of the FLSA because Defendants suffered or permitted work to be performed by Plaintiff and the Plaintiff Class, including work in excess of forty hours in a workweek, for which they did not receive *any* wages, much less overtime pay.

30.     Defendants have consistently failed to pay wages, including overtime wages, to their employees (including the Plaintiff) working under their control and management.

**COLLECTIVE ACTION ALLEGATIONS**

31.    Plaintiffs seek collective action certification pursuant to 29 U.S.C. § 216(b) and the standard set forth in *Swales v. KLLM Transport Services, Inc*., 985 F.3d 430 (5th Cir. 2021).

32.    Plaintiffs seek notice to issue to all of Defendants' non-exempt employees who were, together, victims of Defendants' violations of the FLSA falling within the relevant period.

33.    Each Plaintiff and each Member of the Plaintiff Class worked compensable hours, including overtime hours, for which he or she received no wages.

34.    By failing to pay non-exempt employee's for all hours worked, and accordingly also not paying for their overtime hours at the required premium overtime rate of time-and-one-half of each respective employee's base hourly rate, the Defendants repeatedly violated the FLSA on a regular basis. *See* 29 U.S.C. §207(a)(1).

35.    By completely failing to document all hours each employee worked, and by failing to document the overtime wages each employee is owed, the Defendants committed repeated and willful violations of the recordkeeping requirements of the FLSA (29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27).

36.    During the class period, the Defendants owned, controlled and operated FM, LLC, and they implemented these illegal pay policies across their enterprise.

37.    Defendants' uniform policy of not paying their employees' for all hours worked is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc*., 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

38.     The Defendants have victimized Members of the Plaintiff Class, and Plaintiffs, by their ill-conceived patterns, practices, and policies in violation of the FLSA.

39.     Each Plaintiff's experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid compensable time, which also included unpaid overtime wages; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

40.     By working at FM, LLC, each Plaintiff acquired first-hand knowledge of other non-exempt employees not being paid for all hours they worked, including wages for overtime hours.

41.     Thus, although the amount of damages the Defendants owe may vary among Members of the Plaintiff Class and the Plaintiffs, there remains no detraction from the common nucleus of liability facts rendering this matter appropriate as a collective action pursuant to 29 U.S.C. § 216(b), and pursuant to the new standard set forth by the Fifth Circuit in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430 (5th Cir. 2021).

42.     All current and former non-exempt employees whom the Defendants did not pay for all hours that they worked in one or more workweek are similarly situated to Plaintiffs and are thus appropriate members of the Plaintiff Class.

43.     Plaintiffs seek to represent a class comprised of: **all current and former employees of FM, LLC who performed compensable work for which they were not paid in any workweek during the relevant period**.

44.     Individuals who opt in will be added to the litigation, and copies of their written consents to join this collective action will be filed with the Court.

## FACTS

Background

45.     Plaintiff Jorge Arauz was employed by Defendant FM, LLC from on about April 1, 2015 until his employment was suddenly, involuntarily terminated on or about September 19, 2023.

46.     Mr. Arauz is a Hispanic male. His country of origin from Panama.

47.     Throughout the entire time that Mr. Arauz was employed by Defendant FM, LLC, he was a shore side tankerman in the company's Houston Group, which included at least a dozen other shore tankermen that performed duties of transferring product from onshore facilities to barges at various ports in Texas and other states, including the Port of Houston.

48.     Defendant FM, LLC is in the shipping industry, loading and delivering a variety of different types of cargoes including oil and gas products, other types of chemicals, and dry goods.

49.     Prior to joining Defendant FM, LLC, Mr. Arauz had fifteen (15) years of experience as a Merchant Marine for other marine transport companies – five (5) years in a boat-side role and ten (10) years as a shoreside tankerman.

50.     In addition to his extensive experience, when he began with FM, LLC in 2015, Mr. Arauz held multiple certifications that qualified him to work with specialty and hazardous materials, including Dangerous Liquids ("DL"), chemicals and petrochemicals, and Liquid Gases ("LG"). Mr. Arauz was also accredited with refineries in Texas, Louisiana, Mississippi, and on the East Coast.

51.     Defendant FM, LLC paid non-Hispanic and non-Panamanian employees with less experience and/or less qualifications more favorably than Plaintiff.

52.     Plaintiff was also subject to a hostile work environment as he was subject to disparaging remarks related to his race and national origin.

53.     Plaintiff had complained to Defendant FM, LLC's management, specifically Defendant Chiasson and Defendant Carnegie, about his less favorable treatment in the terms and conditions of his employment because of his race and/or national origin on several occasions including but not limited to in May 2023 and in August 2023.

54.     On multiple occasions throughout Plaintiff's tenure with Defendant FM, LLC, Defendant FM, LLC's management, Defendant Carnegie, and Defendant Chiasson required Mr. Arauz to take training courses, including those provided by Moxie Media and PolicyTech. Though completing these courses took several hours, Plaintiff was told that he needed to complete this training "on [his] own time" and that he could not include the time spent completing these courses as part of the number of hours he worked during that workweek.

55.     Had Mr. Arauz been allowed to report all of the time that he was required to work for Defendants by completing the training courses that Defendants required of him, the hours that Mr. Arauz worked in those weeks would have qualified for not only regular hourly pay, but also for overtime premium pay.

56.     Mr. Arauz was aware that shore-side tankermen throughout the Company were also required to complete specialty training courses, including those provided by Moxie Media and PolicyTech, but were similarly not allowed to report the time that they spent performing this work. Thus, other shore-side tankermen were not being paid hourly and overtime pay for compensable time that they were suffered to do work for Defendant FM, LLC.

57.     In September 2023, Mr. Arauz took medical leave to try to get diagnoses and medical treatment for difficulties that he was having with his back that impaired his ability to walk.

58.     Mr. Arauz suspected, and it has since been confirmed by his healthcare providers, that his health impairments were due to repeated lifting, carrying, and other hazardous work conditions that Defendant FM, LLC required of him and for which his employer did not provide him any assistance or support. Thus, these injuries were work-related.

59.     On September 19th, Plaintiff attempted to present Defendant Carnegie and Defendant Chiasson notes from his doctor that requested temporary accommodations regarding my schedule due to his health issues.

60.     Upon receiving Mr. Arauz's notes from his doctor seeking a schedule accommodation due his work-related injuries, Defendants almost immediately terminated Mr. Arauz's employment.

61.     Defendants failed to consider how it could have reasonably accommodated Plaintiff's request regarding his disabilities.

62.     Upon information and belief, Defendant also determined to terminate Plaintiff's employment because the conditions that caused his physical disabilities were due to his work-related activities, which would have qualified Plaintiff for workers' compensation benefits.

**CAUSES OF ACTION**

Violation of Title VII (Race)

63.     Plaintiff incorporates the allegations stated above as if fully set forth herein.

64.     As described above, Defendants discriminated against Plaintiff with respect to his terms, conditions and/or privileges of employment because of his race (Hispanic).

65.     Furthermore, Defendants engaged in an unlawful employment practice by subjecting Plaintiff to a hostile work environment due to his race.

66.     Defendants engaged in the discrimination and/or the unlawful employment practices described above with malice or with reckless disregard to Mr. Arauz's statutorily protected rights.

Violation of Title VII (National Origin)

67.     Plaintiff incorporates the allegations stated above as if fully set forth herein.

68.     As described above, Defendants discriminated against Plaintiff with respect to his terms, conditions and/or privileges of employment because of his national origin (Panama).

69.     Furthermore, Defendants engaged in an unlawful employment practice by subjecting Plaintiff to a hostile work environment due to his national origin.

70.     Defendants engaged in the discrimination and/or the unlawful employment practices described above with malice or with reckless disregard to Mr. Arauz's statutorily protected rights.

Violation of Title VII (Retaliation)

71.     Plaintiff incorporates the allegations stated above as if fully set forth herein.

72.     As described above, Defendants retaliated against Plaintiff with respect to his terms, conditions, and/or privileges of employment because he engaged in activity protected by Title VII, including but not limited to, opposing discriminatory and retaliatory employment practices and treatment.

73.     Defendants also engaged in an unlawful employment practice by subjecting Plaintiff to a hostile environment because he engaged in activity protected by Title VII, including but not limited to, opposing discriminatory and retaliatory employment practices and treatment.

74.     Defendants engaged in the unlawful retaliation described above with malice or with reckless disregard to the statutorily protected rights of Plaintiff.

Violation of Americans with Disabilities Act ("ADA) and/or the ADA Amendments Act ("ADAAA")

75.     Plaintiff incorporates the allegations stated above as if fully set forth herein.

76.     Plaintiff was an employee who suffered from a disability as defined by the Americans with Disabilities Act ("ADA") and/or the ADA Amendments Act ("ADAAA").

77.     Alternatively, Plaintiff has was regarded as being disabled as defined by the Americans with Disabilities Act ("ADA") and/or the ADA Amendments Act ("ADAAA").

78.     As described above, Defendants discriminated against Plaintiff with respect to his terms, conditions and/or privileges of employment and took adverse action against Plaintiff because of his Plaintiff's disability and/or perceived disability.

79.     Defendants engaged in the discrimination and/or the unlawful employment practices described above with malice or with reckless disregard to Mr. Arauz's statutorily protected rights.

Violations of Americans with Disabilities Act ("ADA) and/or the ADA Amendments Act ("ADAAA")

80.     Plaintiff incorporates the allegations stated above as if fully set forth herein

81.     As described above, Defendants retaliated against Plaintiff with respect to his terms, conditions and/or privileges of employment and took adverse action against Plaintiff because he opposed discrimination based on his disability and/or perceived disability.

82.     Defendants' actions were in violation of 42 U.S.C. §12101 et seq.

83.     Defendants' engaged in the retaliation and/or the unlawful employment practices described above with malice or with reckless disregard to Mr. Arauz's statutorily protected rights.

Violations of Tex. Labor Code Chapter 21 (Race Discrimination)

84.     Plaintiff incorporates the allegations stated above as if fully set forth herein.

85.     Plaintiff's race is Hispanic.

86.     Plaintiff was qualified for the position in which he was employed.

87.     Plaintiff suffered multiple adverse employment actions by Defendant, including but not limited to, being subjected to disciplinary actions for conduct that did not warrant such, a hostile work environment, and being wrongfully terminated from employment.

88.     Plaintiff, a Hispanic person, was treated differently from others outside his protected class.

89.     Plaintiff's race was a motivating factor in the discriminatory acts Defendant committed against Plaintiff.

90.     Defendant engaged in this conduct against Plaintiff with malice or with reckless disregard for his statutorily-protected rights.

Violations of Tex. Labor Code Chapter 21 (National Origin Discrimination)

91.     Plaintiff incorporates the allegations stated above as if fully set forth herein.

92.     Plaintiff's race is Hispanic.

93.     Plaintiff was qualified for the position in which he was employed.

94.     Plaintiff suffered multiple adverse employment actions by Defendant, including but not limited to, being subjected to disciplinary actions for conduct that did not warrant such, a hostile work environment, and being wrongfully terminated from employment.

95.     Plaintiff, a Hispanic person, was treated differently from others outside his protected class.

96.     Plaintiff's national origin was a motivating factor in the discriminatory acts Defendant committed against Plaintiff.

97.     Defendant engaged in this conduct against Plaintiff with malice or with reckless disregard for his statutorily-protected rights.

Violation of Tex. Lab. Code §21.101 (Disability Discrimination)

98.     Plaintiff incorporates the allegations stated above as if fully set forth herein.

99.     Plaintiff is a member of a protected class as he is disabled or perceived to be disabled.

100.    Plaintiff was qualified for the position in which he was employed.

101.    Plaintiff suffered multiple adverse employment actions by Defendant, including but not limited to, being subjected to disciplinary actions for conduct that did not warrant such, a hostile work environment, and being wrongfully terminated from employment.

102.    Plaintiff, a disabled person or a person who was perceived to be disabled, was treated differently from others outside his protected class.

103.    Plaintiff's status as a disabled person or person perceived to be disabled was a motivating factor in the discriminatory acts Defendant committed against Plaintiff.

104.    Defendant engaged in this conduct against Plaintiff with malice or with reckless disregard for his statutorily-protected rights.

Violation of Tex. Lab. Code §21.101 (Retaliation)

105.    Plaintiff incorporates the allegations stated above as if fully set forth herein.

106.    Plaintiff engaged in activity protected by statute, including opposing discrimination on the basis of his race, national origin, disability and/or being perceived to be disabled as prohibited by Chapter 21 of the Texas Labor Code.

107.    Plaintiff suffered multiple adverse employment actions by Defendant, including but not limited to, being subjected to a hostile work environment and being wrongfully terminated from employment, because he engaged in protected activity.

108.    Defendant engaged in this conduct against Plaintiff with malice or with reckless disregard for his statutorily-protected rights.

Violation of Texas Labor Code §451.001 et seq.

109.    Plaintiff incorporates the allegations stated above as if fully set forth herein.

110.    Defendants discharged and/or other discriminated against Plaintiff for having engaged in activity protected by Texas Labor Code §451.001 et seq., namely for initiating in good faith a workers' compensation claim.

111.    Defendant engaged in this conduct against Plaintiff with malice or with reckless disregard for his statutorily-protected rights.

Violation of the Fair Labor Standards Act

112.    Plaintiff incorporates the allegations stated above as if fully set forth herein.

113. Defendants' practice of failing to pay Plaintiff and all other similarly situated individuals who were employed by Defendants for all hours worked, including all hours worked over forty hours in a work week, at the federally mandated overtime premium rate violates the FLSA. *See* 29 U.S.C. §207.

114. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate of not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or to Plaintiff or the other similarly situated individuals.

115. Defendants failed to comply with its record-keeping requirements and in fact caused Plaintiff and the other similarly situated individuals to generate incomplete and false time records.

116. Defendants willfully and/or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

117. Plaintiff and all other individuals similarly situated are entitled to recover their unpaid wages and overtime compensation.

**JURY DEMAND**

118. Plaintiff respectfully requests that this matter be tried before a jury.

**PRAYER**

119. Plaintiff Jorge Arauz respectfully prays that Defendants Florida Marine, LLC, Duane Chiasson, and Trey Carnegie be cited to appear and answer herein and that upon a final hearing of the cause, that judgment be entered for Mr. Arauz against Defendants and that Plaintiff be awarded the following:

a.    Against Defendant Florida Marine, LLC:

  i.    Back pay;

  ii.    Compensatory damages;

  iii.    Front pay;

  iv.    Punitive damages;

  v.    Reasonable attorneys' fees and expenses;

  vi.    Pre-judgment interest; and,

  vii.    Post-judgment interest.

b.    Against all Defendants, jointly and severally,

  i.    Unpaid wage and overtime payments;

  ii.    Liquidated damages;

  iii.    Sanctions and penalties, as provided by the Fair Labor Standards Act ("FLSA");

  iv.    Pre-judgment interest; and

  v.    Post-judgment interest;

120.    Plaintiff further requests all other relief to which he is justly entitled, whether in law or in equity.

        Respectfully submitted,

        */s/ David J. Quan*

        David J. Quan
        Federal Bar No. 20073
        Law Office of David J. Quan
        5444 Westheimer Road, Suite 1700
        Houston, Texas 77056
        Telephone: (713) 225-5300

Facsimile: (713) 625-9222
dquan@davidquanlaw.com

ATTORNEY FOR PLAINTIFF
JORGE ARAUZ and All Others Similarly
Situated